UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10324-JSL (SP) | Date | December 13, 2012 |
|---|---|---|---|
| Title | ROBERT LOPEZ v. SAN BERNARDINO COUNTY SHERIFF | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| n/a | | n/a |

**Proceedings:** (In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed Due to Failure to Exhaust

On December 4, 2012, petitioner Robert Lopez filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 (the "Petition"). This court having reviewed the Petition, it appears that the Petition is subject to dismissal because, as acknowledged in the Petition, petitioner has not exhausted his state remedies with respect to the ground raised in his Petition. The court will not make a final determination regarding whether the federal Petition should be dismissed, however, without giving petitioner an opportunity to address the issue.

Accordingly, the court hereby issues this **Order to Show Cause why the Petition should not be dismissed**, and specifically orders petitioner to respond to the Order to Show Cause in writing by no later than **January 3, 2013**. The court further directs petitioner to review the information that follows, which provides additional explanation as to why the federal Petition appears to be subject to dismissal and may assist petitioner in determining how to respond.

## The Exhaustion Requirement

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his or her federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10324-JSL (SP) | Date | December 13, 2012 |
|---|---|---|---|
| Title | ROBERT LOPEZ v. SAN BERNARDINO COUNTY SHERIFF | | |

*O'Sullivan*, 526 U.S. at 845.

For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court. *See O'Sullivan*, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); *Gatlin v. Madding*, 189 F.3d 882,888 (9th Cir. 1999) (applying *O'Sullivan* to California). A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." *Gatlin*, 189 F.3d at 888.

In this case, petitioner has raised one ground for relief in his federal habeas Petition, namely, that petitioner pled guilty to an aggravated felony without first being advised of the immigration consequences of such a plea. The Petition indicates that petitioner filed a motion to withdraw his guilty plea in Superior Court, which was denied on November 16, 2012. But the Petition further indicates that the issue has not been raised or ruled on by the California Supreme Court, and thus the ground raised has not yet been exhausted. If this is correct, the Petition is subject to dismissal.

Petitioner indicates that his failure to exhaust should be excused because he faces deportation, and so any relief granted by a state appellate court may be moot if he is removed from the country. Of course, the same is true with respect to any relief he might obtain in this court. Moreover, this does not constitute an exception to the exhaustion requirement. Petitioner has not shown either that "there is an absence of available State corrective process" or that there are circumstances that render "such process ineffective to protect" his rights. *See* 28 U.S.C. § 2254(b)(1)(B). This is not a case in which "there is no opportunity to obtain redress in state court" or in which "the corrective process is so clearly deficient as to render futile any effort to obtain relief." *See Duckworth v. Serrano*, 454 U.S. 1, 3, 102 S. Ct. 18, 70 L. Ed. 2d 1 (1981).

### Petitioner's Options

If petitioner contends that he has in fact exhausted his state court remedies on the ground raised in his federal habeas Petition, he should clearly explain this in a written response to this Order to Show Cause. The written response must be filed on or before **January 3, 2013**. Petitioner should attach to his response copies of any documents establishing that the one ground he raises is indeed exhausted.

Alternatively, petitioner may request a voluntary dismissal of this action without

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10324-JSL (SP) | Date | December 13, 2012 |
|---|---|---|---|
| Title | ROBERT LOPEZ v. SAN BERNARDINO COUNTY SHERIFF | | |

prejudice pursuant to Federal Rule of Civil Procedure 41(a).  **A Notice of Dismissal form is attached for petitioner's convenience.**  The court advises petitioner, however, that if petitioner should later attempt to again raise any dismissed claims in subsequent habeas petition, those claims may be time-barred under the statute of limitations in 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). Such dismissal request must also be filed on or before **January 3, 2013**.

**The court warns petitioner that failure to timely file and serve a response as directed in this order will result in a recommendation that this action be dismissed without prejudice for failure to exhaust state remedies, for failure to prosecute, and/or for failure to obey court orders.**